O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7210 AHM (Ex) | Date | March 16, 2010 |
|---|---|---|---|
| Title | KOOSHAREM CORPORATION d/b/a SELECT PERSONNEL SERVICES, *et al.* v. ZURICH AMERICAN INSURANCE COMPANY | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

The Court adopts the attached Amended Proposed Findings Regarding Petitioners' Contempt with changes made by the Court.

The Court finds Petitioners to be in contempt of the Court's orders. The Court therefore orders Petitioners to pay a fine of $10,000 to the Clerk of the Court and to do so by not later than March 22, 2010.

|  | : |
|---|---|
| Initials of Preparer | SMO |

cc: **Fiscal**

LOCKE LORD BISSELL & LIDDELL LLP
Conrad V. Sison (SBN: 217197)
csison@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone:  213-485-1500
Facsimile:  213-485-1200

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

Steven T. Whitmer (admitted *pro hac vice*)
swhitmer@lockelord.com
Meredith V. Hattendorf (admitted *pro hac vice*)
mhattendorf@lockelord.com
111 South Wacker Drive
Chicago, Illinois  60606
Telephone:  312-443-0700
Facsimile:  312-443-0336

Attorneys for Respondent
ZURICH AMERICAN INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KOOSHAREM CORPORATION, a California Corporation dba SELECT PERSONNEL SERVICES and ABLEST, INC., a Delaware Corporation,<br><br>             Petitioners,<br>     v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>             Respondent. | CASE NO. CV 09-07210 AHM (Ex)<br><br>Hon. A. Howard Matz<br><br>**AMENDED PROPOSED FINDINGS REGARDING PETITIONERS' CONTEMPT** |

1

**AMENDED PROPOSED FINDINGS**

NOW COMES Respondent Zurich American Insurance Company ("Zurich") and, as directed by the Court's March 2, 2010 Minutes, hereby submits the following proposed findings regarding Petitioners' KOOSHAREM CORPORATION dba SELECT PERSONNEL SERVICES and ABLEST, INC. (collectively, "Select") contempt of court:

1. Zurich and Select agreed to arbitrate certain of their disputes pursuant to insurance program agreements entered into between the parties. (Exhibit A to Opposition to Petition to Vacate and Cross-Motion to Confirm, Docket No. 13.)

2. In July 2008, Zurich demanded arbitration of a dispute that arose between the parties. In the course of that arbitration, the arbitration panel entered an interim award requiring Select to post a clean, unconditional and irrevocable Letter of Credit in the amount of $1,100,000 in favor of Zurich as pre-hearing security for the arbitration (the "interim arbitration award"). (Exhibits E and G to Opposition to Petition to Vacate and Cross-Motion to Confirm, Docket No. 13.)

3. On September 22, 2009, Select filed a petition to vacate the interim arbitration award in the Superior Court of California, Court of Santa Barbara. (Exhibit 1 to Notice of Removal, Docket No. 1.)

4. Zurich filed a Notice of Removal on October 2, 2009, on the basis of diversity jurisdiction. (Notice of Removal, Docket No. 1.) Select did not object to removal, and the Court possesses jurisdiction over this matter.

5. On October 15, 2009, Zurich filed its Opposition to Petition to Vacate and Cross-Motion to Confirm the arbitration panel's interim arbitration award. (Docket No. 13.)

6. On November 23, 2009, the Court held a hearing on Select's Petition to Vacate and Zurich's Cross-Motion to Confirm and found that "there is no basis whatsoever" for vacating the arbitrators' interim arbitration award. (Transcript of November 23, 2009 hearing, Exhibit A to *Ex Parte* Application for Order to Show

1

AMENDED PROPOSED FINDINGS REGARDING PETITIONERS' CONTEMPT
*Koosharem Corp, et al. v. Zurich American Insurance Company.*, Case No. CV 09-7210 AHM (Ex)

1   Cause, Docket No. 27.)

2     7. On November 25, 2009, the Court entered its Order granting Zurich's Cross-Motion to Confirm and, pursuant to Section 9 of the Federal Arbitration Act, confirmed the arbitrators' award granting pre-hearing security in the amount of $1.1 million.  (November 25, 2009 Order, Docket No. 26.)

  8. On December 7, 2009, Select filed an *Ex Parte* Application for a Limited Stay of Enforcement Proceedings Pending an Appeal Determination.  (Docket No. 28.)

  10. In Select's *Ex Parte* Application for a Limited Stay, it represented that while it had the "ability and wherewithal" to the post the Letter of Credit, it was requesting a "limited stay" of any enforcement proceedings, until January 12, 2010, so that it could "decide[] whether it will appeal the Court's November 25, 2009 Order." (*Ex Parte* Application for Limited Stay, Docket No. 28 at pp. 5-6.)

  11. In support of its request for a stay, Select submitted the Declaration of its Senior Vice President of Risk and Insurance Services, Fred Pachon.  Mr. Pachon swore under penalty of perjury that "Select is evaluating whether to proceed with an appeal or whether to simply comply with the Order at this time.  If Select appeals, it will post a bond to secure the judgment.  If Select does not appeal, it will post the Letter of Credit as required by the Panel and the Court." (December 7, 2009 Declaration of F. Pachon, Docket No. 28-1 at ¶ 7.)

  12. Relying on this declaration, Select represented that "[b]y January 12, 2010 there will either be an appeal on file with [an appeal] bond to secure the judgment, or Select will have posted the Letter of Credit." (*Ex Parte* Application for Limited Stay, Docket No. 28 at p. 6.)

  13. On December 9, 2009, the Court denied Select's *Ex Parte* Application for a Limited Stay because Select "[had] not established why this Court should stay enforcement proceedings pending Petitioners' decision of whether to appeal." (December 9, 2009 Order, Docket No. 30.)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

14. Upon entry of the Court's December 9, 2009 Order, Zurich and Select reached an out-of-court stipulation pursuant to which Select agreed to forego its right to appeal and to post the Letter of Credit by January 12, 2010 and, based on Select's representations, Zurich agreed to refrain from initiating enforcement proceedings at that time.  (Declaration of Meredith V. Hattendorf and Exhibit A thereto, Docket No. 31-1.)

15. By January 12, 2010, Select had neither posted the Letter of Credit, nor had it filed an appeal and posted the appropriate bond.

16. On January 14, 2010, Zurich filed its Motion for Order to Show Cause Why Petitioners Should Not Be Held in Contempt, requesting that the Court issue an order requiring Select to show cause why it should not be held in contempt for its ongoing failure to comply with the Court's November 25, 2009 Order and, and upon a finding of contempt, enter sanctions against Select.  (Docket No. 31.)

17. On February 1, 2010, Select filed its Opposition to Zurich's Motion for Order to Show Cause.  (Docket No. 32.)  Despite the Court's inherent authority to enforce its immediately effective Order, and without citation to any supporting legal precedent, Select argued that the November 25, 2009 Order did not require Select to take any action and that the Court lacked the authority and jurisdiction to address Select's failure to post the Letter of Credit.  (Opposition to Motion for Order to Show Cause, Docket No. 32, at p. 4.)

18. Select also represented that while it had "fully intended to post the letter of credit on or before January 12, 2010," certain "intervening circumstances" – namely, alleged agreements and transactions associated with Select's attempts at an initial public offering – "made doing so impossible."  (Opposition to Motion for Order to Show Cause, Docket No. 31, at p. 3.)

19. While Select asserted a temporary inability to comply with the Court's November 25 Order, Select did not disclose when these agreements and transactions were entered into or why they allegedly made the posting of the Letter of Credit

3
AMENDED PROPOSED FINDINGS REGARDING PETITIONERS' CONTEMPT
*Koosharem Corp. v. Zurich American Insurance Company.*, Case No. CV 09-7210 AHM (Ex)

impossible, nor did Select present any evidence to support its claims, beyond the near-conclusory Declaration of its Vice President, Fred Pachon.  (January 31, 2010 Declaration of F. Pachon, Docket No. 32-1.)

20. On February 17, 2010, the Court granted Zurich's Motion for Order to Show Cause Why Petitioners Should Not Be Held in Contempt and directed Select "to show cause in writing, by not later than February 26, 2010 in a declaration filed under oath, why they should not be held in contempt for failure to comply with the Court's November 25, 2009 Order."  (February 17, 2010 Order, Docket No. 34.)

21. On February 26, 2010, Select filed a "Response to February 17, 2010 Order to Show Cause," along with the sworn declarations of its President, Paul Sorensen, and its Vice President, Fred Pachon.  Select argued that it should not be held in contempt because it was unable to comply with the Court's November 25, 2010 Order at the time the contempt proceedings were initiated.  (Response to February 17, 2010 Order to Show Cause, Docket No. 35.)

22. In its February 26, 2010 submission, Select again swore that it had "intended" to comply with the Court's Order by January 12, 2010, and again represented that as an "unintended result" of the "agreement and financial obligations associated with" an acquisition by Atlas Acquisition Holdings Corporation, it was "unable to utilize the collateral required to secure a Letter of Credit in the amount of $1,100,000.00."  (Response to February 17, 2010 Order to Show Cause, Docket No. 35 at p. 3.)

23. Select again failed to submit any evidence to support its claims of temporary inability to comply, beyond the near-conclusory affidavit of its Vice President, Fred Pachon and a declaration of Paul Sorensen describing the steps Select planned to take to comply.  (Response to February 17, 2010 Order to Show Cause, Docket No. 35; February 26, 2010 Declaration of F. Pachon, Docket No. 35-2; February 25, 2010 Declaration of Paul Sorensen, Docket No. 35-1.)

24. In its February 26, 2010 submission, Select states that it now has "the

4

AMENDED PROPOSED FINDINGS REGARDING PETITIONERS' CONTEMPT
*Koosharem Corp. v. Zurich American Insurance Company.*, Case No. CV 09-7210 AHM (Ex)

ability" to post the required Letter of Credit, and that it "is performing all of the necessary steps to assure that the Letter of Credit is posted." (Response to February 17, 2010 Order, Docket No. 35 at p. 5.)

25. On March 2, 2010, the Court issued Minutes in Chambers stating that the Court intends to hold Select in contempt, as Select "has shown a repeated history of failing to comply with this Court's order and its own representations" and its response to the Court's Order to Show Cause was "wholly inadequate." (Docket No. 36.)

26. On March 8, 2010, without leave of Court and more than a week after the Court's deadline for Select to show cause why it should not be held in contempt, Select submitted the Supplemental Declaration of Paul Sorensen in Response to February 17, 2010 Order to Show Cause. (Docket No. 38.) The Court has reviewed this Supplemental Declaration, and it does not require a change in the outcome. Mr. Sorensen's Supplemental Declaration attaches a merger agreement between Select and Atlas Acquisition Holdings Corporation. (Ex. A to Supplemental Declaration of P. Sorensen, Docket No. 38.)

27. Mr. Sorensen states that the merger agreement prevented Select from posting the Letter of Credit, but he does not cite to any term of the 57-page document in support of his assertion. (Supplemental Declaration of P. Sorensen, Docket No. 38 at ¶ 5.)

28. Mr. Sorensen also represents that the merger agreement (and its alleged bar on Select's ability to post the Letter of Credit) "was entered into in mid-November, 2009," before the Court issued its November 25, 2009 Order. The merger agreement itself, however, provides that it was entered into on December 10, 2009, fifteen (15) days after the Court issued its November 25, 2009 Order. (Supplemental Declaration of P. Sorensen, Docket No. 38 at ¶ 5, and Exhibit A thereto.)

///
///
///

1 ///

2 ///

3 ///

4    29.  As of March 9, 2010, which is more than 100 days after the entry of the Court's November 25, 2009 Order, Select has yet to comply by posting the Letter of Credit.

Dated:  March 9, 2010                                Respectfully Submitted,

                                                                        LOCKE LORD BISSELL & LIDDELL LLP


                                                                        By:  /s/ Conrad V. Sison
                                                                                    Conrad V. Sison

                                                                        Attorneys for Respondent
                                                                        ZURICH AMERICAN INSURANCE COMPANY

6

AMENDED PROPOSED FINDINGS REGARDING PETITIONERS' CONTEMPT
*Koosharem Corp. v. Zurich American Insurance Company.*, Case No. CV 09-7210 AHM (Ex)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071